I concur that this case must be reversed for further proceedings by the trial court; however, I do so for different reasons. It appears to me that the dispositive issue concerns the trial court's ruling regarding custody. Although the prior judgment was modified to change custody from the mother to the father, there is no indication in the record or the trial court's judgment to indicate what standard was utilized by the trial court to make that decision. Additionally, it does not appear that the record supports changing custody utilizing the proper standard espoused by our Supreme Court in Ex parteMcLendon, 455 So.2d 863 (Ala. 1984).
Because I would address the merits of the custody determination and reverse for further proceedings utilizing the proper standard, I would not consider the issue regarding the admission of evidence as reversible error. It is noteworthy to me that there was a hearing on the prior modification petition, and, although there is no transcript of that hearing, it is undisputed that a hearing was held. I cannot determine from the record exactly what the trial court did or did not consider at that time. There is an on-record discussion between the court and the father's counsel regarding that hearing which indicates that several witnesses testified and that the testimony lasted "most of all day." In light of that and the requirement ofMcLendon to show a material change of circumstances since the last decree, I would reverse this case on the custody issue. *Page 10